1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER SHANE LANGSTON,                    No.  2:16-cv-01981 AC

12                 Plaintiff,

13        v.                                   <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et. al.,
15
                   Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20   Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes

21   pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 7.

22        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States

23   to authorize the commencement and prosecution of any suit without prepayment of fees by a

24   person who submits an affidavit indicating that the person is unable to pay such fees; however,

25              [i]n no event shall a prisoner bring a civil action or appeal a
                judgment in a civil action or proceeding under this section if the
26              prisoner has, on 3 or more prior occasions, while incarcerated or
                detained in any facility, brought an action or appeal in a court of the
27              United States that was dismissed on the grounds that it is frivolous,
                malicious, or fails to state a claim upon which relief may be
28              granted, unless the prisoner is under imminent danger of serious

                                                1

physical injury.

28 U.S.C. § 1915(g).

A review of the actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.  The court has found evidence on the court record of four § 1915(g) "strikes" against plaintiff, which were all entered before this action was brought by plaintiff on August 19, 2016.[1]  The court takes judicial notice[2] of the following lawsuits previously filed by plaintiff:

> (1) Langston v. Finn, 2:10-cv-02196-EFB (E.D. Cal) (dismissed on March 2, 2011, for failure to state a claim);

> (2) Langston v. Enkoji, 2:10-cv-02715-GGH (E.D. Cal.) (dismissed on April 26, 2011, for failure to state a claim);

> (3) Langston v. Finn, 2:08-cv-02475-EFS (E.D. Cal.) (dismissed on May 1, 2013, for failure to state a claim); and

> (4) Langston v. Hartley, 2:10-cv-03191-KJN (E.D. Cal.) (dismissed on May 24, 2013, for failure to state a claim).

Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing

---

[1]  The court has examined the orders dismissing the four cases and finds that they constitute "strikes" within the meaning of § 1915(g).

[2]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981), cert. denied, 454 U.S. 1126 (1981).

1  serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious

2  physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly

3  conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32

4  (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine

5  emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v.

6  Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

7        The court has reviewed plaintiff's complaint for this action and finds that plaintiff does

8  not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the complaint,

9  plaintiff alleges that on December 16, 2014, he informed "mental health and medical staff" at

10  California State Prison-Sacramento that he was a "threat" to himself and others, "suicidal and

11  homicidal," and "needed medical attention." ECF No. 1 at 3. Plaintiff seeks to be released from

12  prison in order to receive medical treatment and seeks "compensation for the damages for a risk

13  of suicide." Id. Plaintiff filed a health care appeal, id. at 4-7, which indicates that plaintiff

14  "received treatment" on December 23, 2014 through January 1, 2015 "for the suicidal crisis," id.

15  at 6. In addition, plaintiff requested "monetary and punitive damages for the alleged act(s)" on

16  December 16, 2014. Id. at 7. The complaint is devoid of any showing that plaintiff was under

17  imminent danger of serious physical injury at the time he filed the complaint. Therefore, plaintiff

18  may not proceed in forma pauperis in this action and must submit the appropriate filing fee in

19  order to proceed with this action.

20        Accordingly, IT IS HEREBY ORDERED that:

21      1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied;

22      2.  Plaintiff shall pay the filing fee of $400.00 in full within twenty-one (21) days of this

23         order; and

24      3.  Failure to pay the filing fee in full as directed will result in dismissal of this action.

25  DATED: March 29, 2017

26

27  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

28

3